**Marquis Aurbach Coffing**
Terry A. Coffing, Esq.
Nevada Bar No. 4949
Brian R. Hardy, Esq.
Nevada Bar No.10068
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
tcoffing@maclaw.com
bhardy@maclaw.com
Attorneys for Plaintiff Gopher Protocol, Inc.

# UNITED STATES DISTRICTCOURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Gopher Protocol, Inc., a Nevada corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Discover Growth Fund, LLC, a US Virgin Islands limited liability company,<br><br>Defendant. | Case Number: 2:19-cv-01039<br><br>**ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION**<br>**[ECF NO. 5]** |

Plaintiff, Gopher Protocol, Inc. ("Plaintiff") having submitted its Motion for Preliminary Injunction and Ex Parte Application for Temporary Restraining Order [ECF No. 5], and the Court having considered the pleadings, papers, evidence and documents on file herein and being otherwise fully advised following a hearing held on Friday, July 12, 2019, hereby finds as follows:

1. On December 3, 2018, a Securities Purchase Agreement ("SPA") was entered into between Plaintiff and Defendant, pursuant to which Plaintiff granted a security interest in all of Plaintiff's assets.[1] The SPA clearly identifies and sets forth the following relevant facts: (i) Plaintiff (identified in the SPA as the "Company") is a Nevada corporation;[2] (ii)

---

[1] See Verified Complaint [ECF No. 2] at ¶12; see also Exhibit 1, attached thereto.

[2] Id. at Exhibit 1. This Court specifically makes no findings as to the validity of either parties claims in the arbitration proceeding.

any dispute, controversy, claim or action of any kind arising out of, relating to, or in connection with the SPA, or in any way involving the parties or their respective affiliates must be resolved by final and binding arbitration before a retired judge at JAMS in the Virgin Islands;[3] and (iii) either party is entitled to seek equitable and injunctive relief to prevent any actual or threatened breach of the SPA or other agreements.[4]

2. There is a dispute between Defendant and Plaintiff. Consequently, and consistent with the express terms of the SPA, Plaintiff filed its arbitration demand with JAMS on Friday, June 7, 2019.[5]

3. On July 2, 2019 Honorable Philip Pro (Ret.) was appointed as Arbitrator in *Gopher Protocol, Inc. vs. Discovery Growth Fund, LLC* (JAMS Ref # 1260005395) following a selection process in which all parties participated.[6] As such, currently there is a pending arbitration as contemplated under the express terms of the SPA.[7]

4. On or about May 28, 2019, Defendant declared all amounts immediately due and payable and scheduled the sale and disposition of all of the assets of Plaintiff for 10:00 AM Eastern Time on Monday, June 24, 2019 at Defendant's offices in St. Thomas, Virgin Islands.[8]

5. On June 18, 2019, Plaintiff filed the instant action seeking exclusively declaratory and injunctive relief.[9] On that same date, Plaintiff also filed its Motion for Preliminary Injunction and Ex Parte Application for Temporary Restraining Order.[10]

---

[3] Id. at Exhibit 1 at §VI(H).

[4] Id. at Exhibit 1 at §VI(I)(1).

[5] Id. at ¶21; see also Exhibit 4, attached thereto.

[6] See Declaration of Doug Davis In Support Of Reply In Support Of Motion For Preliminary Injunction And Ex Parte Application For Temporary Restraining Order [ECF No. 5] ("Davis Dec.") at ¶3.

[7] See Verified Complaint [ECF No. 2] at ¶21.

[8] See Verified Complaint [ECF No. 2] at ¶22; see also Exhibit 5, attached thereto.

[9] Id.

6.      This Court granted the Ex Parte application for Temporary Restraining Order temporarily enjoining the Defendant from selling, foreclosing upon, encumbering, dissipating, or otherwise transferring any of the Plaintiff's assets upon the Plaintiff's posting of security in the amount of $5,000.[11]

7.      Thereafter, this Court set and conducted a hearing on Plaintiff's Motion for Preliminary Injunction for July 12, 2019.[12]

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED and DECREED that, as of the date of the hearing, there is jurisdiction and venue, however, the Court will further review the question of jurisdiction and venue as it considers the Defendant's pending *Motion to Dismiss Plaintiff's Verified Complaint for Injunctive Relief* [ECF No. 13].

IT IS FURTHER ORDERED that Plaintiff's Motion for Preliminary Injunction is GRANTED as it has established "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tip in its favor, and (4) that the public interest favors an injunction." Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc., 758 F.3d 1069, 1071 (9th Cir. 2014), as amended (Mar. 11, 2014) (*citing* Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008)). In its Verified Complaint, GPI seeks a judicial determination that, among other things, pursuant to the SPA, the parties are required to attend arbitration to resolve any dispute, controversy, claim or action.[13]

Here, Plaintiff enjoys a likelihood of success in prevailing on its declaratory relief claims. Further, it appears that Plaintiff would suffer irreparable harm absent injunctive

---

[10]See Motion for Preliminary Injunction and Ex Parte Application for Temporary Restraining Order [ECF No. 5].

[11]See Order [ECF No. 7].

[12]See Order [ECF No. 12].

[13]Id. at ¶31.

relief. Notably, any foreclosure sale of the Plaintiff's assets would put the Plaintiff out of business rendering the pending arbitration moot. Simply put, not only would allowing the Defendant to sell off all of the Plaintiff's assets prior to arbitration result in irreparable harm, but clearly evidences the balance of equities favors Gopher where the injunction will prevent shutting down Gopher's business.

Finally, "[w]hen the reach of an injunction is narrow, limited only to the parties, and has no impact on non-parties, the public interest will be at most a neutral factor in the analysis rather than one that favor[s] in [granting or] denying the preliminary injunction." Stormans, Inc. v. Selecky, 586 F.3d 1109, 1138-39 (9th Cir. 2009) (internal quotation marks omitted). Here, among other things, there is a public interest in the enforcement of contracts and requiring parties that have elected arbitration as a forum for disputes to attend arbitration. As such, the public interest favors Plaintiff.

IT IS FURTHER ORDERED that the security amount of $5,000 previously posted combined with the existing security interest in the Plaintiff's assets at their current value shall be sufficient security. A court may only issue injunctive relief "if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). District courts have discretion in setting the amount of bond. See Save Our Sonoran, Inc. v. Flowers, 408 F.3d 1113, 1126 (9th Cir. 2004).

Dated this 18th day of July, 2019.

By _____
United States District Court Judge