# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

GOPHER PROTOCOL, INC.,

    Plaintiff(s),

v.

DISCOVER GROWTH FUND, LLC,

    Defendant(s).

Case No. 2:19-CV-1039 JCM (BNW)

ORDER AND NOTICE OF HEARING

Presently before the court is plaintiff Gopher Protocol, Inc.'s ("Gopher") emergency motion for contempt. (ECF No. 29). Defendant Discover Growth Fund, LLC ("Discover") filed an untimely response (ECF No. 35), to which Gopher has not replied.

**I.  Background**

On November 13, 2019, Gopher filed an emergency motion for contempt (ECF No. 29) against Discover for failure to comply with the preliminary injunction this court entered on July 18, 2019 (ECF No. 28).

The preliminary injunction bars Discover "from selling, foreclosing upon, encumbering, dissipating, or otherwise transferring" any of Gopher's assets pending resolution of the parties' arbitration in *Gopher Protocol, Inc. v. Discovery Growth Fund, LLC* (JAMS Ref. No. 1260005395). (ECF No. 28).

On or about November 5, 2019, the parties' arbitration commenced, and the arbitrator set an extended briefing schedule, such that no final decision is likely to issue until mid or late December. *Id*.

Gopher contends that Discover violated the preliminary injunction on 4 separate occasions. (ECF No. 29). Specifically, Gopher contends that Discover (1) instructed Gopher's transfer agent

to increase reserve shares by an additional 84,636,230,731 shares on or about July 30, 2019; (2) instructed Gopher's transfer agent to increase reserve shares by an additional 99,995,000,000 shares on or about September 19, 2019; (3) sent a notice of conversion requesting that Gopher issue an additional 28,455 shares on or about October 24, 2019; and (4) served Gopher with a "Notice of Default and Notice of Sale of Collateral" on or about October 24, 2019. *Id*. The notice of default and notice of sale of collateral indicated that Discover had set a public sale for the disposition of all of Gopher's assets for 10:00 a.m. Eastern time on December 2, 2019, and that Gopher was required to "assemble the Collateral and make it available to [Discover]" prior to the sale date. (ECF No. 29-1).

Gopher further contends that the notice of default and notice of sale of collateral has imposed "significant legal fees, operational costs, time, and expenses." (ECF No. 29). In particular, Gopher argues that the notice of default and notice of sale of collateral has caused it to lose thousands of dollars for at least 13 full days due to Gopher's inhibited ability to trade and issue stock. *Id*.

On November 14, 2019, this court set a briefing schedule for Gopher's emergency motion for contempt. (ECF No. 30). The court ordered Discover to file its response, if any, on or before November 18, 2019 and ordered Gopher to file its reply, if any, on or before November 21, 2019. *Id*. Discover filed an untimely response on November 21, 2019 (ECF No. 35), to which Gopher has not replied.

The court will now address the merits of Gopher's emergency motion for contempt.

**II.     Legal Standard**

A court may hold a party in civil contempt where the party has displayed "disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993). A party's behavior "need not be willful" to justify a finding of civil contempt. *In re Crystal Palace Gambling Hall, Inc.*, 817 F.2d 1361, 1365 (9th Cir. 1987). "[T]here is no good faith exception to the requirement of obedience to a court order." *Dual-Deck*, 10 F.3d at 695.

For civil contempt, the party moving for a contempt finding bears the "burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court. The burden then shifts to the contemnors to demonstrate why they were unable to comply." *F.T.C. v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999) (quoting *Stone v. City and County of San Francisco*, 968 F.2d 850, 856 n.9 (9th Cir. 1992)). "[A] party's good faith, even where it does not bar civil contempt, may help to determine an appropriate sanction." *Taggart v. Lorenzen*, 139 S. Ct. 1795, 1802 (2019).

Sanctions for civil contempt are appropriate "to (1) compel or coerce obedience to a court order, and/or (2) compensate the contemnor's adversary for injuries resulting from the contemnor's noncompliance." *Ahearn ex rel. N.L.R.B. v. Int'l Longshore & Warehouse Union, Locals 21 & 4*, 721 F.3d 1122, 1131 (9th Cir. 2013). In determining what sanctions are appropriate, "[t]he private or public rights that the decree sought to protect are an important measure of the remedy." *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949).

"Substantial compliance with the court order is a defense to civil contempt, and is not vitiated by a few technical violations where every reasonable effort has been made to comply." *Dual-Deck,* 10 F.3d at 695. To succeed on a motion for civil contempt, the moving party must "show by clear and convincing evidence that [the nonmoving party] violated the [court order] beyond substantial compliance, and that the violation was not based on a good faith and reasonable interpretation of the [order]." *Wolfard Glassblowing Co. v. Vanbragt*, 118 F.3d 1320, 1322 (9th Cir. 1997).

**III. Discussion**

As a preliminary matter, Discover filed its response after the deadline to do so had passed. (*See* ECF No. 30). Pursuant to Local Rule 7-2(d), "[t]he failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion." LR 7-2(d). Notwithstanding the local rule, the court has considered Discover's untimely response in rendering its decision on the instant motion.

James C. Mahan
U.S. District Judge

- 3 -

Gopher requests that this court enjoin the December 2, 2019 sale, sanction Discover for its alleged contempt of the preliminary injunction, and award attorney's fees in relation to Discover's violations. (ECF No. 29). In response, Discover contends that Gopher has failed to carry its burden here, such that no sanctions may issue. (ECF No. 35). Discover argues, based on an email exchange between Discover's principal, John Kirkland, and Gopher's counsel, Brian Hardy, that Discover has demonstrated an intention to comply with the preliminary injunction. *Id*. Discover further argues that the December 2, 2019 foreclosure sale was set only to mitigate "the damage done by the delay in exercising remedies [Discover] is entitled to should the Honorable Judge/Arbitrator Pro rule in [Discover's] favor." *Id*.

Gopher has sufficiently established that Discover violated the preliminary injunction on four separate occasions. The preliminary injunction expressly states that Discover is enjoined "from selling, foreclosing upon, encumbering, dissipating, or otherwise transferring" any of Gopher's assets pending resolution of the parties' arbitration. (ECF No. 28). By (1) instructing Gopher's transfer agent to increase reserve shares on or about July 30, 2019, (2) instructing Gopher's transfer agent to increase reserve shares on or about September 19, 2019, (3) sending a notice of conversion requesting that Gopher issue additional shares on or about October 24, 2019, and (4) serving Gopher with a notice of default and notice of sale of collateral on or about October 24, 2019, all while the arbitration is still pending, Discover has repeatedly flouted the requirements set forth in the preliminary injunction.

In its response, Discover does not address these violations, but rather relies on Kirkland's representation in an email to Hardy that Discover has no intention of proceeding with the foreclosure. (*See* ECF No. 35). If Discover were genuine in its interest to comply with the preliminary injunction, it would not have persisted in requiring Gopher to "assemble the Collateral and make it available to [Discover]" by the December 2, 2019 sale date (*see* ECF No. 29-1), which is the exact sort of sale that the preliminary injunction was entered to prevent in the first place. Because Discover has repeatedly disobeyed a specific and definite court order and has not otherwise demonstrated substantial compliance therewith, the court finds Discover in civil contempt.

**James C. Mahan**
**U.S. District Judge**

- 4 -

The only remaining issue then is the appropriate remedy. First, the court finds that sanctions are appropriate to coerce Discover's future obedience with the preliminary injunction and compensate Gopher for its injuries resulting from Discover's noncompliance. *See Ahearn ex rel. N.L.R.B.*, 721 F.3d at 1131. Second, the court finds that an award of attorney's fees to Gopher, commensurate with the fees and costs incurred by Gopher that are directly attributable to the four preliminary injunction violations set forth above, is appropriate to remedy Discover's noncompliance. *See In re Dyer,* 322 F.3d 1178, 1195 (9th Cir. 2003) (recognizing that attorney's fees are "an appropriate component of a civil contempt award").

## IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Gopher's emergency motion for contempt (ECF No. 29) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that Discover shall immediately cancel the December 2, 2019, foreclosure sale and refrain from imposing any such additional sales, and refrain from serving any additional notices of default or notices of sale of collateral, until a final award is rendered in the parties' arbitration, *Gopher Protocol, Inc. v. Discovery Growth Fund, LLC* (JAMS Ref. No. 1260005395).

IT IS FURTHER ORDERED that the parties shall appear in Courtroom 6A of the United States District Court, 333 Las Vegas Boulevard South, Las Vegas, Nevada 89101, on **Monday, December 2, 2019, at 10:00 a.m.** regarding appropriate sanctions for defendant's violations and conduct.

DATED November 25, 2019.

_____
UNITED STATES DISTRICT JUDGE