UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| GOPHER PROTOCOL, INC., | Case No. 2:19-CV-1039 JCM (BNW) |
| Plaintiff(s), | ORDER |
| v. | |
| DISCOVER GROWTH FUND, LLC, | |
| Defendant(s). | |

Presently before the court is Gopher Protocol, Inc.'s ("plaintiff") motion to recover security bond.  (ECF No. 81).  Discover Growth Fund, LLC ("defendant") filed a response (ECF No. 82), to which plaintiff replied (ECF No. 86).

Also before the court is defendant's countermotion for release of security.  (ECF No. 84). Plaintiff filed a response (ECF No. 85), to which defendant did not reply.

I.   **Background**

The instant motion arises from this court's injunction, which barred defendant "from selling, foreclosing upon, encumbering, dissipating, or otherwise transferring" any of plaintiff's assets pending resolution of the parties' arbitration in *Gopher Protocol, Inc. v. Discovery Growth Fund, LLC* (JAMS Ref. No. 1260005395).  (ECF No. 28).  On January 31, 2020, a final award was rendered in the parties' arbitration.  (ECF No. 64-2).  The arbitrator concluded that, "[b]ased upon the foregoing findings of fact and conclusions of law, the undersigned Arbitrator hereby enters this Award in favor of Respondents Discover and Kirkland on all claims alleged by Claimant Gopher." *Id*. at 41.  The arbitrator further concluded that "Respondents/Counterclaimants have proved their counterclaim alleging breach of the [securities purchase agreement] by Claimant Gopher."  *Id*.

James C. Mahan
U.S. District Judge

1    Consistent with the arbitrator's award, this court denied all pending motions as moot (ECF

2    No. 79) and allowed the parties to proceed in the Virgin Islands (ECF No. 80), where defendant

3    had already moved to confirm the arbitration award.

4    The parties both contend that they are entitled to the $5,000 security plaintiff posted in

5    connection with the temporary restraining order and preliminary injunction in this case.  (ECF

6    Nos. 81; 84).

7    **II.      Legal Standard**

8    Federal Rule of Civil Procedure 65 provides that a district court "may issue a preliminary

9    injunction or a temporary restraining order only if the movant *gives security* in an amount that the

10   court considers proper to pay the costs and damages sustained by any party found to have been

11   wrongfully enjoined or restrained."  Fed. R. Civ. P. 65(c) (emphasis added).  This same principle

12   applies when a party "has been enjoined in order to preserve the status quo pending appeal." *Glob.*

13   *Naps, Inc. v. Verizon New England, Inc.*, 489 F.3d 13, 21 (1st Cir. 2007); *see also Nintendo of*

14   *Am., Inc. v. Lewis Galoob Toys, Inc.*, 16 F.3d 1032, 1036 (9th Cir. 1994).

15   To execute on a bond, an enjoined party must establish (1) that it was wrongfully enjoined,

16   and (2) that it suffered injury as a result of the injunction. *See Matek v. Murat*, 862 F.2d 720, 733

17   (9th Cir. 1988).  "[A] party has been wrongfully enjoined within the meaning of Rule 65(c) when

18   it turns out the party enjoined had the right all along to do what it was enjoined from

19   doing." *Nintendo*, 16 F.3d at 1036.  After it is determined that the moving party was wrongfully

20   enjoined, the court must next find that party is "entitled to have the bond executed in its

21   favor." *Id.*

22   **III.     Discussion**

23   First, the court finds that defendant was wrongly enjoined.   The arbitrator found in

24   defendant's favor, thus finding that the parties' securities purchase agreement was valid.  (ECF

25   No. 64-2).   Thus, defendant had a contractual right to foreclose on its collateral—namely,

26   plaintiff's assets.  *Id.*  This court's injunction prevented it from doing precisely what defendant

27   had a contractual right to do, which is the very definition of being "wrongfully enjoined." *See*

28

**James C. Mahan**
**U.S. District Judge**

1   *Nintendo*, 16 F.3d at 1036.  The court must now determine whether defendant suffered injury as a

2   result of the injunction.

3   "[T]here is a rebuttable presumption that a wrongfully enjoined party is entitled to have the

4   bond executed and recover provable damages up to the amount of the bond."  *Id.* at 1036–37.

5   However, "[a]n improperly enjoined party may not demand damages on the bond simply because

6   the injunction was improperly granted."  *Matek,* 862 F.2d at 733.  The injury must be proximate

7   to the injunction.  *Id.*

8   Plaintiff argues that defendant was not wrongfully enjoined and, in any event, was not

9   damaged by the injunction because, "had this [c]ourt not enjoined [defendant], [plaintiff] would

10  be facing a judgment approximately five (5) times greater than what it now faces, and [defendant]

11  would have wrongfully foreclosed on all of its assets."  (ECF No. 85 at 4).  Plaintiff further argues

12  that defendant has already been fully compensated.  *Id.* at 4–5.

13  Plaintiff's arguments are unavailing.  Defendant was wrongfully enjoined, and there is a

14  rebuttable presumption that it is entitled to the bond.  *See Nintendo*, 16 F.3d at 1036–37.  Plaintiff

15  has not overcome that burden, particularly because it does not—and cannot—refute that defendant

16  had a contractual right to foreclose on its collateral.  Plaintiff disputes only *how much* of its

17  collateral it should have foreclosed on.

18  But, in the arbitration, defendant "accept[ed] the opinions of [plaintiff's] witnesses Khatib

19  and Dunkel that [defendant] should have been able to sell [plainitff's] stock at a rate of

20  approximately **$35,000 per day** for the 234 day period **between May 28, 2019, to January 17,**

21  **2020** . . . ."  (ECF No. 64-2 at 35 (emphasis added)).  The injunction in this case issued on July 18,

22  2019, squarely within the period contemplated by plaintiff's witnesses.  (ECF No. 28).

23  Thus, even by plaintiff's estimation, the injunction caused defendant $35,000 in damages

24  per day.  Defendant is entitled to the entirety of the $5,000 security bond in this case.

25  **IV.**   **Conclusion**

26  Accordingly,

27  IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion to

28  recover bond (ECF No. 81) be, and the same hereby is, DENIED.

**James C. Mahan**
**U.S. District Judge**

- 3 -

1      IT IS FURTHER ORDERED that defendant's countermotion for release of security (ECF

2  No. 84) be, and the same hereby is, GRANTED.

3      IT IS FURTHER ORDERED that the entire bond amount of $5,000, plus any accrued

4  interest, be executed in defendant's favor, to be paid to its counsel, Garman Turner Gordon.

5      DATED July 15, 2020.

6

7              UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**

- 4 -